IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT
IN AND FOR THE COUNTY OF DUVAL,
STATE OF FLORIDA
CIVIL DIVISION
(JACKSONVILLE)

NENITA GALLO,

     Plaintiff

-vs-

NATIONAL CREDIT ADJUSTERS and
H&P CAPITAL, INC.,         CASE NO.: 16-2013-CA-003887

     Defendants.

_____/

## ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT

    The foregoing cause having been ~~compromised and~~ agreed upon ~~between~~ by the parties hereto, ~~and the parties having stipulated and agreed,~~ it is, therefore ORDERED ~~AND ADJUDGED~~ that the Plaintiff have leave to file an Amended Complaint.

    DONE AND ORDERED in Chambers at Duval, County, Florida, this ____ day of _____

_____, 2013.

ORDER ENTERED

DEC 11 2013

_____ /s/ KAREN K. COLE
HONORABLE KAREN COLE
CIRCUIT COURT JUDGE

cc:    Amanda Allen, Esquire
       Dale T. Golden, Esquire

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR THE COUNTY OF DUVAL, STATE OF FLORIDA
CIVIL DIVISION

NENITA GALLO,

     Plaintiff,

                                  CASE NO.: 2013-CA-003887

v.

                                  DIV: CV-B

NATIONALCREDIT
ADJUSTERS and
H&P CAPITAL, INC.,

     Defendants.
_____/

## NOTICE OF CANCELING HEARING

**PLEASE TAKE NOTICE** that the hearing on Defendant's Motion for Judgment on the

Pleadings, set before the Honorable Karen Cole, Hearing Room 705, 501 W. Adams Street,

Jacksonville, Florida 32202, for **December 3, 2013, at 1:00 p.m.,** has been **CANCELED** by

Defendant.

                                 Respectfully submitted by:

                                 _____

                                 GOLDEN SCAZ GAGAIN, PLLC
                                 Dale T. Golden, Esquire
                                 FBN: 0094080
                                 201 North Armenia Avenue
                                 Tampa, FL 33609
                                 Phone: 813-251-5500
                                 Email: dgolden@gsgfirm.com
                                 Attorneys for Defendant
                                 National Credit Adjusters

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via email to Amanda Allen, Esq., AAllen@forthepeople.com: JEstrada@ForThePeople.com; on this 25th day of November, 2013.

Dale T. Golden, Esquire
FBN 0094080

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT
IN AND FOR THE COUNTY OF DUVAL,
STATE OF FLORIDA
CIVIL DIVISION
(JACKSONVILLE)

NENITA GALLO,

      Plaintiff

-vs-

NATIONAL CREDIT ADJUSTERS and
H&P CAPITAL, INC.,
                                 CASE NO.: 16-2013-CA-003887

      Defendants.

_____/

## JOINT STIPULATION FOR LEAVE TO FILE AMENDED COMPLAINT

COME NOW the parties, NENITA GALLO and NATIONAL CREDIT ADJUSTERS,

by and through their undersigned counsel, and hereby jointly stipulate and move this Honorable

Court for entry of an Order granting Plaintiff Leave to Amend her Complaint to add further

allegations and that the proposed Amended Complaint attached hereto should be deemed filed as

of the date of entry by this Court of an Order permitting the filing of Plaintiff's Amended

Complaint. The parties further stipulate that the attached Order be entered by the Court.

DATED: 12/2/2013

AMANDA ALLEN, ESQUIRE
Morgan & Morgan, P.A.
201 North Franklin Street
Tampa, FL 33602
Tele: (813) 223-5505
AAllen@ForThePeople.com
Florida Bar #: 0098228
Attorney for Plaintiff(s)

DALE T. GOLDEN, ESQUIRE
Golden Scaz Gagain, PLLC
201 North Armenia Avenue
Tampa, FL 33609
Tele: (813) 251-5500
dgolden@gsgfirm.com
Florida Bar #: 0094080
Attorney for Defendant(s)

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT
IN AND FOR THE COUNTY OF DUVAL,
STATE OF FLORIDA
CIVIL DIVISION
(JACKSONVILLE)

NENITA GALLO,

        Plaintiff

-vs-

NATIONAL CREDIT ADJUSTERS and
H&P CAPITAL, INC.,            CASE NO.: 16-2013-CA-003887

        Defendants.

_____/

## MOTION FOR LEAVE TO AMEND COMPLAINT

COME NOW the Plaintiff, NENITA GALLO, and file with this Honorable Court their Motion for Leave to Amend Complaint in this action and in support thereof respectfully asserts as follows:

1.    This action arises out of certain wrongful conduct by Defendant NATIONAL CREDIT ADJUSTERS (hereafter "NCA") and H&P CAPITAL, INC. (hereafter "H&P"), relating to the attempted collection of an alleged Kay Jewelers account.

2.    On or about April 17, 2013, Plaintiffs filed their initial Complaint against STERLING JEWELERS INC. d/b/a KAY JEWELERS (hereinafter KAY JEWELERS), NATIONAL CREDIT ADJUSTERS (hereinafter NCA) and H&P CAPITAL, INC., d/b/a HORIZON PROFESSIONAL CONSULTANTS (hereinafter H&P CAPITAL) alleging violations of the Florida Consumer Collection Practices Act, Florida Statute § 559.72 (hereinafter "FCCPA") as well as Intentional Infliction of Emotional Distress.

3. Through preliminary discovery, Plaintiff learned the proper succession of ownership of the Account in question.

4. As a result, Plaintiff was able to Voluntarily Dismiss STERLING JEWELERS d/b/a KAY JEWELERS on or about September 9, 2013.

5. Furthermore, as fully set forth in Plaintiffs' Amended Complaint the information obtain through preliminary discovery lead to the addition of additional causes of action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. as well as the Telephone Consumer Protection Act, 47 U.S.C § 227 et seq.

6. Florida Rule of Civil Procedure 1.190(a) provides that "[l]eave of court to amend a pleading shall be given freely when justice so requires."

7. Florida law is well settled that "[p]ublic policy favors the liberal amendment of pleadings, and courts should resolve all doubts in favor of allowing the amendment of pleadings to allow cases to be decided on their merit." *Laurencio v. Deutsche Bank Nat. Trust Co.*, 65 So. 3d 1190, 1193 (Fla. 2d DCA 2011) (citing *S. Developers & Earthmoving, Inc. v. Caterpillar Fin. Servs. Corp.*, 56 So.3d 56, 62 (Fla. 2d DCA 2011)).

8. This Motion is not brought for purposes of delay.

9. Neither party will be prejudiced by such Amendment to the Complaint as Defendants have not yet served any discovery on the Plaintiff and neither party has conducted depositions.

10. Plaintiff advised Defendant, NCA, of its intention to amend the Complaint on Monday November 18, 2013.

11. In light of Florida's liberal standard for permitting leave to amend pleadings, and because the proposed amendments set forth in Plaintiffs' Amended Complaint are appropriate

and/or necessary in order for the instant action to be decided on its merits in light of the facts and authority set forth herein, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion for Leave to Amend to file and serve their Amended Complaint.

12. A copy of Plaintiff's proposed Amended Complaint is attached hereto as Exhibit A.

**WHEREFORE**, Plaintiff, NENITA GALLO, respectfully request that this Court grant Plaintiffs' Motion for Leave to Amend Complaint, and for such other relief as this Court deems just and proper.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by E-mail this 22 day of November, 2013 to: dgolden@gsgfirm.com; lbrooks@gsgfirm.com, braslavich@gsgfirm.com .

Amanda Allen, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
AAllen@ForThePeople.com
jestrada@ForThePeople.com
Florida Bar #: 0098228
Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT
IN AND FOR THE COUNTY OF DUVAL,
STATE OF FLORIDA
CIVIL DIVISION
(Jacksonville)

NENITA GALLO,

        Plaintiff,

-vs-                          **CASE NO.: 16-2013-CA-003887**

NATIONAL CREDIT ADJUSTERS and
H&P CAPITAL, INC.d/b/a
HORIZON PROFESSIONAL
CONSULTANTS,

        Defendants.
_____/

## AMENDED COMPLAINT

The Plaintiff, NENITA GALLO, by and through the undersigned counsel, sues the

Defendants, NATIONAL CREDIT ADJUSTERS (hereinafter NCA) and H&P CAPITAL, INC.,

d/b/a HORIZON PROFESSIONAL CONSULTANTS (hereinafter H&P CAPITAL) and in

support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

1.      This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive

of attorney fees and costs.

2.      Jurisdiction and venue for purposes of this action are appropriate and conferred by

Florida Statutes.

3.      The alleged violations described in the Complaint occurred in Duval County, Florida.



1

## FACTS COMMON TO ALL COUNTS

4.     Plaintiff is a "debtor" or "alleged debtor" as defined by Chapter 559.55(2), Florida Statutes.

5.     Plaintiff is a "consumer" as defined in 15 U.S.C. §1692(a)(3).

6.     Defendant NCA is a "debt collector" as defined by 15 U.S.C §1692(a)(6).

7.     Defendant H&P CAPITAL is a "debt collector" as defined by 15 U.S.C §1692(a)(6).

8.     The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1) and 15 U.S.C. §1692(a)(4).

9.     Defendants, NCA and H&P CAPITAL are corporate entities responsible for attempting to collect a consumer debt from Plaintiff and are transacting business in the State of Florida.

10.     NCA and H&P CAPITAL have a business practice to collect debts from individuals using abusive and harassing techniques.

11.     Plaintiff opened a Kay Jewelers Account in approximately September 2007. The alleged final balance of Account Number 309667XXXX was approximately $2,728.00.

12.     Plaintiff made scheduled payments on the Account through November 2008, when Plaintiff became unable to make payment.

13.     On or about July 1, 2010, NCA purchased the alleged debt from Kay Jewelers. At the time the account was purchased by NCA, the balance of the Account was approximately $1774.37.

14.     NCA reported the alleged debt to the credit reporting agencies, including but not limited to Experian, in the approximate amount of $2,728.00; the total amount of the original alleged debt, with no credit for the approximately $1,000.00 in payments made by Plaintiff.

15.    In or about January 2012, NCA called the Plaintiff on at least two (2) separate occasions on her cellular telephone (904) 517-0900 in an attempt to collect a debt.

16.    On information and belief, the telephone calls were placed using automated telephone dialing equipment without human intervention.

17.    Plaintiff did not provide her cellular telephone number to NCA, or the original creditor. Plaintiff was not even assigned cellular number (904) 517-0900, until three years after she entered into the original contract which resulted in the alleged debt.

18.    Calls were made to the Plaintiff, by the Defendant, using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

19.    Each call the Defendant made to the Plaintiff's telephones was done so without the "express permission" of the Plaintiff.

20.    NCA consented to and has knowledge and control of the collection activities of its agents and representative, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, specifically H&P CAPITAL.

21.    On or about August 16, 2012, Defendant sent Plaintiff a letter informing her that H&P Capital had been retained by NCA to collect the alleged Kay Jewelers debt. The letter states that NCA had reported to H&P, an account balance of $3,174,23. [**Please See Exhibit A**]

22.    On or about August 16, 2012, H&P CAPITAL, on behalf of their client, NCA, placed a call to Plaintiff's mother, (904) 781-4127 and left the following voicemail message, *"Good Morning, this message is being left for Nenita Dumaop. My name is Ms. Davis. I am calling*

3

from the office of HP & Associates. *Unfortunately there has been a formal complaint filed that you may be unaware of. Please contact my office immediately with your statement, before a recommendation is rendered.*" Plaintiff's mother picked up the phone and informed the caller that Nenita did not live there.

23.     On August 25, 2012, H&P CAPITAL, on behalf of their client, NCA, intentionally harassed and abused the Plaintiff by their agents and representatives, including but not limited to an individual known only as "Ms. Davis," calling Plaintiff's mother, Sharon Dumaop, alluding to being with an attorney's office and telling the Plaintiff's mother that "*if the Plaintiff did not call her that day, they would move forward the next day with the formal complaint being filed in Duval County against her (*the Plaintiff*).* " When the Plaintiff's mother refused to give out the Plaintiff's cell phone number or work number, Ms. Davis said "*Get off the phone bitch*" and hung up on her.

24.     On August 25, 2012, Plaintiff's Mother, Sharon Dumaop, called H&P CAPITAL back after Ms. Davis hung up on her and spoke with Ms. Davis' Supervisor explaining the language and manner she was spoken to and the Supervisor said: "*Don't ever mother fucking call here again*" and also hung up on her.

25.     In or about the end of August 2012, Plaintiff filed a complaint with the Florida Office of Financial Regulation regarding the verbal harassment sustained by herself as well as her mother.

26.     On or about November 9, 2012, H&P CAPITAL, on behalf of their client, NCA, left a voicemail on Plaintiff's cellular telephone (904)517-0900. Although the message acknowledges a $290.00 payment made by Plaintiff, the message request a return call to set up a monthly payment arrangement before their client moves forward with "*wage garnishment, bank levy, auto lien or property lien.*"

4

27. On or about January 24, 2013, in response to Plaintiff's complaint filed with the Florida Office of Financial Regulation, Defendant H&P Capital, Inc. composed a letter apologizing for language used toward Plaintiff's mother, while still denying that the event ever occurred. The letter also outlines that H&P Capital was collecting on behalf of NCA, and any decision to levy a lien on Plaintiff's car would come from NCA, and that H&P Capital has no control over what "NCA may do with their debt," although such a levy was unlikely. [**See Attached Exhibit B**].

28. These collections attempts occurred on behalf of, and at the direction of, the account owner and principal, NCA, thereby making NCA vicariously liable for the acts of its agents and representatives, specifically H&P CAPITAL.

29. Defendants, by their agents and representative have mercilessly harassed, abused and threaten the Plaintiff in an attempt to coerce her into paying a debt.

30. All conditions precedent to the filing of this action have occurred.

### COUNT I
### (Violation of the TCPA- NCA)

31. Plaintiff incorporates Paragraphs one (1) through thirty (30).

32. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violations of the FCCPA- NCA)

33. Plaintiff incorporates Paragraphs one (1) through thirty (30).

34. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

35. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to harass the debtor.

36. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse the debtor.

37. Defendant has violated Florida Statute §559.72(8) by using profane, obscene vulgar or willfully abusive language in communicating with the debtor or any member of her or his family.

38. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

39. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violations of the FDCPA-NCA)

40. Plaintiff incorporates Paragraphs one (1) through thirty (30).

41.    At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

42.    Defendant has violated 15 U.S.C. §1692(c)(b) by communicating with anyone except the consumer, consumer's attorney, or credit bureau concerning the debt.

43.    Defendant has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

44.    Defendant has violated 15 U.S.C. §1692(d)(2) by using obscene or profane language or the language the natural consequence of which is to abuse the hearer or reader.

45.    Defendant has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

46.    Defendant has violated 15 U.S.C. §1692(e)(2)(A) by falsely representing the character, amount or legal status of any debt.

47.    Defendant has violated 15 U.S.C. §1692(e)(3) by falsely representing or implying that an individual is an attorney or that any communication is from an attorney.

48.    Defendant has violated 15 U.S.C. §1692(e)(4) by representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

49.    Defendant has violated 15 U.S.C. §1692(e)(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

7

50.     Defendant has violated 15 U.S.C. §1692(f) by using unfair an unconscionable means to collect or attempt to collect any debt.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for punitive damages, statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT IV
### (Intentional Infliction of Emotional Distress- NCA)

51.     Plaintiff incorporates Paragraphs one (1) through thirty (30).

52.     Defendant individually, and through its employees, agents, representatives and collectors, has intentionally inflicted emotional distress on the Plaintiff by its outrageous conduct.

53.     The outrageous conduct as set forth in paragraphs one (1) through thirty (30) herein, were directed at Plaintiff by and through Defendant's employees, agents, apparent agents or other persons acting to benefit and further the interests of the Defendant, in the course and scope of their employment or agency with Defendant.

54.     As a direct and proximate result of the outrageous acts described in paragraphs one (1) through thirty (30) herein, Plaintiff sustained mental pain and suffering, emotional distress, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully request judgment be entered against Defendant for statutory damages, punitive damages, actual damages, enjoinder from further violations, costs, interest, attorney fees and any other such relief this Honorable Court deems appropriate in the spirit of Justice.

### COUNT V
### (Violations of the FCCPA- H&P CAPITAL)

55.    Plaintiff incorporates Paragraphs one (1) through thirty (30).

56.    At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

57.    Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to harass the debtor.

58.    Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse the debtor.

59.    Defendant has violated Florida Statute §559.72(8) by using profane, obscene vulgar or willfully abusive language in communicating with the debtor or any member of her or his family.

60.    Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

61.    Defendant has violated Florida Statute §559.72(12)

62.    Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

<u>**COUNT VI**</u>
**(Violations of the FDCPA-H&P CAPITAL)**

63.    Plaintiff incorporates Paragraphs one (1) through thirty (30).

9

64.     At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

65.     At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

66.     Defendant has violated 15 U.S.C. §1692(c)(b) by communicating with anyone except the consumer, consumer's attorney, or credit bureau concerning the debt.

67.     Defendant has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

68.     Defendant has violated 15 U.S.C. §1692(d)(2) by using obscene or profane language or the language the natural consequence of which is to abuse the hearer or reader.

69.     Defendant has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

70.     Defendant has violated 15 U.S.C. §1692(e)(2)(A) by falsely representing the character, amount or legal status of any debt.

71.     Defendant has violated 15 U.S.C. §1692(e)(3) by falsely representing or implying that an individual is an attorney or that any communication is from an attorney.

72.     Defendant has violated 15 U.S.C. §1692(e)(4) by representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

73.     Defendant has violated 15 U.S.C. §1692(e)(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

74.     Defendant has violated 15 U.S.C. §1692(f) by using unfair an unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for punitive damages, statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

<div align="center">

**COUNT VII**
**(Intentional Infliction of Emotional Distress- H&P CAPITAL)**

</div>

75.     Plaintiff incorporates Paragraphs one (1) through thirty (30).

76.     Defendant individually, and through its employees, agents, representatives and collectors, has intentionally inflicted emotional distress on the Plaintiff by its outrageous conduct.

77.     The outrageous conduct as set forth in paragraphs one (1) through thirty (30) herein, were directed at Plaintiff by and through Defendant's employees, agents, apparent agents or other persons acting to benefit and further the interests of the Defendant, in the course and scope of their employment or agency with Defendant.

78.     As a direct and proximate result of the outrageous acts described in paragraphs one (1) through thirty (30) herein, Plaintiff sustained mental pain and suffering, emotional distress, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

**WHEREFORE,** Plaintiff respectfully request judgment be entered against Defendant for statutory damages, punitive damages, actual damages, enjoinder from further violations, costs,

interest, attorney fees and any other such relief this Honorable Court deems appropriate in the spirit of Justice.

Respectfully submitted,

Amanda J. Allen, Esquire
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 00098228
Aallen@forthepeople.com
jestrada@forthepeople.com
**Attorney for Plaintiff**

12

Horizon Professional Consultants
P.O. Box 7911
Jacksonville, FL 32238

Phone (904) 418-5001
Fax (904) 683-7984

Nenita Dumaop
5200 Dorminy Ave
Jacksonville, FL 32210

8/16/2012

Re:  Complaint No:      1863788
     Client:            NATIONAL CREDIT ADJUSTERS
     Original Creditor: KAY JEWELERS
     Original Account #: 1313
     Amount of Debt:    Three-Thousand One-Hundred Seventy-Four and 22/100

Dear Nenita Dumaop,

       This letter is your written notice on behalf of our client, NATIONAL CREDIT ADJUSTERS,
regarding your delinquent debt. NATIONAL CREDIT ADJUSTERS states that they were unable to
reach an agreement on your account and have placed this matter with us as a third party collection
agent. NATIONAL CREDIT ADJUSTERS reports you have a past due balance of $3,174.23. If you
would like to amicably resolve this matter please remit the sum of $3,174.23 Horizon Professional
Consultants, LLC accepts payment by Western Union, Money Gram, check or any major credit card.
Please call us for assistance with making your payment. If we do not receive your payment or your
dispute letter as described in the attached notice we will assume that you do not intend to pay off your
delinquent account and we will recommend that our client take appropriate steps to collect this
account. Please take a moment to review your records to verify that you haven't made payment on this
account and then take immediate action to bring your account current.

Sincerely,

David Laird

NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. SECTIONS 1602(g) AS AMENDED

       This communication is from a debt collector for the purpose of attempting to collect a debt and any
information obtained from the debtor will be used for that purpose. We will assume that the debt described in
this letter is valid unless you dispute the validity of this debt, or any portion thereof, within 30 days of receipt of
this notice. If you notify this office in writing within 30 days from receiving this notice that the debt or any
portion thereof is disputed, this office will obtain verification of the debt and mail you a copy of such
verification. If the creditor named herein is not the original creditor, and if you make a written request to this
office within 30 days of receipt of the notice, the name and address of the original creditor will be mailed to
you. Written requests should be addressed to the FAIR DEBT COLLECTION CLERK OF H&P Capital, Inc.,
7960 Baymeadows Way, Bldg 6, Ste 300, Jacksonville, FL 32256.

EXHIBIT

A

# H&P Capital, Inc.

P.O. Box 7911
Jacksonville, Florida 32238
(904) 240-4902 • FAX (904) 683-7984

Office of Financial Regulation
200 East Gaines Street
Tallahassee, FL 32399-0381

January 24, 2013

JAN 2013
FINANC

Attn: Ken Mackenzie

Re: Nenita Gallo
Complaint Number: 38152

Dear Mr. McKenzie:

We are a Florida corporation and a licensed Florida collection agency. I have thoroughly reviewed the complaint on this account. Our client on his account was National Credit Adjusters (NCA) who acquired the debt from Kay Jewelers. The current unpaid balance on her account is $3,174.22.

We left a message at her last known phone number on 08/16/2012, and she called us back shortly afterwards. In that discussion, Ms. Gallo agreed to a settlement and payments on her account to be withdrawn from her checking account on a monthly basis. We have not spoken with her since then. Between 10/26/2012 and 11/21/2012, 5 calls were placed by us to her phone number and messages left regarding payment defaults, but we were unable to contact her directly. A "notice of debt" letter was sent to her home on 8/16/2012 (copy attached).

In our only contact with her, Ms. Gallo was offered a 70% settlement on her account, but did not opt to take it. Instead, she agreed to a monthly payment of $145.00 to be withdrawn from her checking account on the 18th of each month beginning in August. We attempted to withdraw the agreed payment from her checking account for the next 5 months, but in each instance, she either disputed the charge with her bank or the checks were returned for insufficient funds. We ceased withdrawal attempts in December. We have not ever received any payments from Ms. Gallo on her account. We then placed her account in a "dispute" status, and subsequently closed it. It will be returned to NCA.

As to placing a lien on her vehicle, at some future time, NCA may choose to levy liens on the vehicle to secure payment on the debt, but only after a lengthy arbitration procedure and obtaining a judgment on the debt. Not likely under the circumstances. We have no control over what NCA may do with their debt, but we at H&P Capital do not sue anyone.

We have reviewed Ms. Gallo's complaint with Ms. Davis and her manager and they deny using any abusive language with Ms. Gallo, the same response that she



EXHIBIT
B

reported in her complaint. If she called in, we have no record of it and don't know who answered the phone. If someone picked up one of our phones and insulted and cursed at Ms. Gallo's mother, I sincerely apologize. That type of behavior is not tolerated at our company. Our floor managers closely monitor the conversations of our collectors with consumers to confirm that their discussions are in full compliance with our company standards.

Thank you for the opportunity to respond. Please do not hesitate to contact me directly if I can be of further assistance.

Respectfully,

Noel Pooler
President

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR THE COUNTY OF DUVAL, STATE OF FLORIDA
CIVIL DIVISION

NENITA GALLO,

     Plaintiff,

v.

NATIONALCREDIT
ADJUSTERS and
H&P CAPITAL, INC.,

     Defendants.

_____/

CASE NO.: 2013-CA-003887

DIV: CV-B

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that the undersigned will call for hearing on Defendant's Motion for Judgment on the Pleadings before the Honorable Karen Cole, Hearing Room 705, 501 W. Adams Street, Jacksonville, Florida 32202, **December 3, 2013, at 1:00 p.m.,** or as soon thereafter as counsel may be heard.

**TIME RESERVED:  THIRTY (30) MINUTES**

Respectfully submitted by:

**GOLDEN SCAZ GAGAIN, PLLC**
Dale T. Golden, Esquire
FBN: 0094080
201 North Armenia Avenue
Tampa, FL 33609
Phone:  813-251-5500
Email: dgolden@gsgfirm.com
Attorneys for Defendant
National Credit Adjusters

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via email to Amanda Allen, Esq., AAllen@forthepeople.com; JEstrada@ForThePeople.com; on this 24th day of September, 2013.

_____
Dale T. Golden, Esquire
FBN: 0094080

cc: Esquire Deposition Solutions

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR THE COUNTY OF DUVAL, STATE OF FLORIDA
CIVIL DIVISION

NENITA GALLO,

       Plaintiff,

                                      CASE NO.: 2013-CA-003887

v.

                                        DIV: CV-B

STERLING JEWELERS INC.
d/b/a KAY JEWELERS, NATIONAL
CREDIT ADJUSTERS and
H&P CAPITAL, INC.,

       Defendants.

_____/

## DEFENDANT'S NOTICE OF WITHDRAWAL
## OF BONA FIDE ERROR AFFIRMATIVE DEFENSE

       COMES NOW, **NATIONAL CREDIT ADJUSTERS,** files this Notice of Withdrawal

of its Affirmative Defense of Bona Fide Error pursuant to Florida Statute § 559.77(3).

                            Respectfully submitted by:
                            /s/ Dale T. Golden
                            /s/ Charles J. McHale
                            **GOLDEN SCAZ GAGAIN, PLLC**
                            Dale T. Golden, Esquire
                            FBN: 0094080
                            Charles J. McHale, Esquire
                            FBN: 0026555
                            201 North Armenia Avenue
                            Tampa, FL 33609
                            Phone: 813-251-5500
                            Email: dgolden@gsgfirm.com
                            Email: cmchale@gsgfirm.com
                            Attorneys for Defendant
                            NATIONAL CREDIT ADJUSTERS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via email to

William Peerce Howard, Esquire, at whoward@forthepeople.com; AAllen@forthepeople.com;

JEstrada@ForThePeople.com; NSauer@ForThePeople.com on this 26th day of August, 2013.

<div style="margin-left:40%">

/s/ Dale T. Golden
/s/ Charles J. McHale
**GOLDEN SCAZ GAGAIN, PLLC**
Dale T. Golden, Esquire
FBN: 0094080
Charles J. McHale, Esquire
FBN: 0026555

</div>

NENITA GALLO,

     Plaintiff,

                                CASE NO.: 2013-CA-003887

v.

                                DIV: CV-B

STERLING JEWELERS INC.,
d/b/a KAY JEWELERS, NATIONAL
CREDIT ADJUSTERS, and
H&P CAPITAL, INC.,

     Defendants.

_____/

## NOTICE OF SERVICE OF PROPOSAL FOR SETTLEMENT

COMES NOW, the Defendant National Credit Adjusters, by and through its undersigned

counsel, and hereby files its Notice of Service of Proposal of Settlement propounded on Plaintiff,

NENITA GALLO.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing served via U.S. Mail

and e-mail to Amanda Allen, Esquire, aallen@forthepeople.com, jestrada@forthepeople.com,

Morgan & Morgan Tampa, P.A., One Tampa City Center, 201 N. Franklin Street, 7th Floor,

Tampa, Florida 33602, this 26th day of August, 2013.

                        **GOLDEN SCAZ GAGAIN, PLLC**
                        201 North Armenia Avenue
                        Tampa, Florida 33609
                        Telephone: (813) 251-5500
                        Facsimile: (813) 251-3675
                        E-mail: dgolden@gsgfirm.com

                        By:_____
                        Dale T. Golden, Esquire
                        Florida Bar No.: 0094080

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR THE COUNTY OF DUVAL, STATE OF FLORIDA
CIVIL DIVISION
(Jacksonville)

NENITA GALLO,

      Plaintiff

                                  CASE NO.: 2013-CA-003887

-v-

                                  DIV:     CV-B

STERLING JEWELERS INC.
d/b/a KAY JEWELERS, NATIONAL
CREDIT ADJUSTERS and
H&P CAPITAL, INC. ,

      Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:
TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:
GREETINGS:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint, Interrogatories, Request for Production and Request for Admissions in the above styled cause upon the Defendant:

NATIONAL CREDIT ADJUSTERS, LLC
CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301

      Each Defendant is hereby required to serve written defenses to said Statement of Claim or petition on Plaintiff's attorney, whose name and address is:

WILLIAM PEERCE HOWARD, ESQUIRE
Of Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin St., 7th Floor
Tampa, FL 33602
813.223.5505
813.275.9295 F

Rcvd 4/29/13 at 351 P.m and
Srvd 4/30/13 at 1201 P.m by

Chris J. Colson #142
Certified Process Server, 2nd Judicial Crut of Florida

within twenty (20) days after service of this Summons upon that Defendant exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

WITNESS my hand and seal of said Court on ___APR 1 8 2013___, 2013.

**RONNIE FUSSELL**

Clerk of the Circuit Court



(Court Seal)

By: _____

Deputy Clerk

---

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Public Information Dept,. Pasco County Government Center, 7530 Little Rd., New Port Richey, FL 34654; (727) 847-8110 (V) in New Port Richey; (352) 521-4274, ext 8110 (V) in Dade City, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing impaired call 711. The court does not provide transportation and cannot accommodate for this service. Persons with disabilities needing transportation to court should contact their local public transportation providers for information regarding transportation services.**