Electronically Filed 11/22/2013 03:01:23 PM ET

**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND FOR THE COUNTY OF DUVAL, STATE OF FLORIDA CIVIL DIVISION (Jacksonville)**

**NENITA GALLO,**

**Plaintiff,**

3:13-cv-1548-J-20JRK

**-vs-** **CASE NO.: 16-2013-CA-003887**

**NATIONAL CREDIT ADJUSTERS and H&P CAPITAL, INC.d/b/a HORIZON PROFESSIONAL CONSULTANTS,**

**Defendants.**

______________________________/

## AMENDED COMPLAINT

The Plaintiff, NENITA GALLO, by and through the undersigned counsel, sues the Defendants, NATIONAL CREDIT ADJUSTERS (hereinafter NCA) and H&P CAPITAL, INC., d/b/a HORIZON PROFESSIONAL CONSULTANTS (hereinafter H&P CAPITAL) and in support thereof respectfully alleges the following:

## JURISDICTION AND VENUE

1. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by Florida Statutes.

3. The alleged violations described in the Complaint occurred in Duval County, Florida.



## FACTS COMMON TO ALL COUNTS

4. Plaintiff is a "debtor" or "alleged debtor" as defined by Chapter 559.55(2), Florida Statutes.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. §1692(a)(3).

6. Defendant NCA is a "debt collector" as defined by 15 U.S.C §1692(a)(6).

7. Defendant H&P CAPITAL is a "debt collector" as defined by 15 U.S.C §1692(a)(6).

8. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1) and 15 U.S.C. §1692(a)(4).

9. Defendants, NCA and H&P CAPITAL are corporate entities responsible for attempting to collect a consumer debt from Plaintiff and are transacting business in the State of Florida.

10. NCA and H&P CAPITAL have a business practice to collect debts from individuals using abusive and harassing techniques.

11. Plaintiff opened a Kay Jewelers Account in approximately September 2007. The alleged final balance of Account Number 309667XXXX was approximately $2,728.00.

12. Plaintiff made scheduled payments on the Account through November 2008, when Plaintiff became unable to make payment.

13. On or about July 1, 2010, NCA purchased the alleged debt from Kay Jewelers. At the time the account was purchased by NCA, the balance of the Account was approximately $1774.37.

14. NCA reported the alleged debt to the credit reporting agencies, including but not limited to Experian, in the approximate amount of $2,728.00; the total amount of the original alleged debt, with no credit for the approximately $1,000.00 in payments made by Plaintiff.

15. In or about January 2012, NCA called the Plaintiff on at least two (2) separate occasions on her cellular telephone (904) 517-0900 in an attempt to collect a debt.

16. On information and belief, the telephone calls were placed using automated telephone dialing equipment without human intervention.

17. Plaintiff did not provide her cellular telephone number to NCA, or the original creditor. Plaintiff was not even assigned cellular number (904) 517-0900, until three years after she entered into the original contract which resulted in the alleged debt.

18. Calls were made to the Plaintiff, by the Defendant, using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

19. Each call the Defendant made to the Plaintiff's telephones was done so without the "express permission" of the Plaintiff.

20. NCA consented to and has knowledge and control of the collection activities of its agents and representative, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, specifically H&P CAPITAL.

21. On or about August 16, 2012, Defendant sent Plaintiff a letter informing her that H&P Capital had been retained by NCA to collect the alleged Kay Jewelers debt. The letter states that NCA had reported to H&P, an account balance of $3,174,23. **[Please See Exhibit A]**

22. On or about August 16, 2012, H&P CAPITAL, on behalf of their client, NCA, placed a call to Plaintiff's mother, (904) 781-4127 and left the following voicemail message, "*Good Morning, this message is being left for Nenita Dumaop. My name is Ms. Davis. I am calling*

*from the office of HP & Associates. Unfortunately there has been a formal complaint filed that you may be unaware of. Please contact my office immediately with your statement, before a recommendation is rendered.*" Plaintiff's mother picked up the phone and informed the caller that Nenita did not live there.

23. On August 25, 2012, H&P CAPITAL, on behalf of their client, NCA, intentionally harassed and abused the Plaintiff by their agents and representatives, including but not limited to an individual known only as "Ms. Davis," calling Plaintiff's mother, Sharon Dumaop, alluding to being with an attorney's office and telling the Plaintiff's mother that "*if the Plaintiff did not call her that day, they would move forward the next day with the formal complaint being filed in Duval County against her* (the Plaintiff)." When the Plaintiff's mother refused to give out the Plaintiff's cell phone number or work number, Ms. Davis said "*Get off the phone bitch*" and hung up on her.

24. On August 25, 2012, Plaintiff's Mother, Sharon Dumaop, called H&P CAPITAL back after Ms. Davis hung up on her and spoke with Ms. Davis' Supervisor explaining the language and manner she was spoken to and the Supervisor said: "*Don't ever mother fucking call here again*" and also hung up on her.

25. In or about the end of August 2012, Plaintiff filed a complaint with the Florida Office of Financial Regulation regarding the verbal harassment sustained by herself as well as her mother.

26. On or about November 9, 2012, H&P CAPITAL, on behalf of their client, NCA, left a voicemail on Plaintiff's cellular telephone (904)517-0900. Although the message acknowledges a $290.00 payment made by Plaintiff, the message request a return call to set up a monthly payment arrangement before their client moves forward with "*wage garnishment, bank levy, auto lien or property lien.*"

27. On or about January 24, 2013, in response to Plaintiff's complaint filed with the Florida Office of Financial Regulation, Defendant H&P Capital, Inc. composed a letter apologizing for language used toward Plaintiff's mother, while still denying that the event ever occurred. The letter also outlines that H&P Capital was collecting on behalf of NCA, and any decision to levy a lien on Plaintiff's car would come from NCA, and that H&P Capital has no control over what "NCA may do with their debt," although such a levy was unlikely. **[See Attached Exhibit B]**.

28. These collections attempts occurred on behalf of, and at the direction of, the account owner and principal, NCA, thereby making NCA vicariously liable for the acts of its agents and representatives, specifically H&P CAPITAL.

29. Defendants, by their agents and representative have mercilessly harassed, abused and threaten the Plaintiff in an attempt to coerce her into paying a debt.

30. All conditions precedent to the filing of this action have occurred.

**COUNT I**
**(Violation of the TCPA- NCA)**

31. Plaintiff incorporates Paragraphs one (1) through thirty (30).

32. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT II**
**(Violations of the FCCPA- NCA)**

33. Plaintiff incorporates Paragraphs one (1) through thirty (30).

34. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

35. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to harass the debtor.

36. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse the debtor.

37. Defendant has violated Florida Statute §559.72(8) by using profane, obscene vulgar or willfully abusive language in communicating with the debtor or any member of her or his family.

38. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

39. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT III**
**(Violations of the FDCPA-NCA)**

40. Plaintiff incorporates Paragraphs one (1) through thirty (30).

41. At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

42. Defendant has violated 15 U.S.C. §1692(c)(b) by communicating with anyone except the consumer, consumer's attorney, or credit bureau concerning the debt.

43. Defendant has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

44. Defendant has violated 15 U.S.C. §1692(d)(2) by using obscene or profane language or the language the natural consequence of which is to abuse the hearer or reader.

45. Defendant has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

46. Defendant has violated 15 U.S.C. §1692(e)(2)(A) by falsely representing the character, amount or legal status of any debt.

47. Defendant has violated 15 U.S.C. §1692(e)(3) by falsely representing or implying that an individual is an attorney or that any communication is from an attorney.

48. Defendant has violated 15 U.S.C. §1692(e)(4) by representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

49. Defendant has violated 15 U.S.C. §1692(e)(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

50. Defendant has violated 15 U.S.C. §1692(f) by using unfair an unconscionable means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for punitive damages, statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT IV**
**(Intentional Infliction of Emotional Distress- NCA)**

51. Plaintiff incorporates Paragraphs one (1) through thirty (30).

52. Defendant individually, and through its employees, agents, representatives and collectors, has intentionally inflicted emotional distress on the Plaintiff by its outrageous conduct.

53. The outrageous conduct as set forth in paragraphs one (1) through thirty (30) herein, were directed at Plaintiff by and through Defendant's employees, agents, apparent agents or other persons acting to benefit and further the interests of the Defendant, in the course and scope of their employment or agency with Defendant.

54. As a direct and proximate result of the outrageous acts described in paragraphs one (1) through thirty (30) herein, Plaintiff sustained mental pain and suffering, emotional distress, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

**WHEREFORE**, Plaintiff respectfully request judgment be entered against Defendant for statutory damages, punitive damages, actual damages, enjoinder from further violations, costs, interest, attorney fees and any other such relief this Honorable Court deems appropriate in the spirit of Justice.

**COUNT V**
**(Violations of the FCCPA- H&P CAPITAL)**

55. Plaintiff incorporates Paragraphs one (1) through thirty (30).

56. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

57. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to harass the debtor.

58. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse the debtor.

59. Defendant has violated Florida Statute §559.72(8) by using profane, obscene vulgar or willfully abusive language in communicating with the debtor or any member of her or his family.

60. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

61. Defendant has violated Florida Statute §559.72(12)

62. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT VI**
**(Violations of the FDCPA-H&P CAPITAL)**

63. Plaintiff incorporates Paragraphs one (1) through thirty (30).

64. At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

65. At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

66. Defendant has violated 15 U.S.C. §1692(c)(b) by communicating with anyone except the consumer, consumer's attorney, or credit bureau concerning the debt.

67. Defendant has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

68. Defendant has violated 15 U.S.C. §1692(d)(2) by using obscene or profane language or the language the natural consequence of which is to abuse the hearer or reader.

69. Defendant has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

70. Defendant has violated 15 U.S.C. §1692(e)(2)(A) by falsely representing the character, amount or legal status of any debt.

71. Defendant has violated 15 U.S.C. §1692(e)(3) by falsely representing or implying that an individual is an attorney or that any communication is from an attorney.

72. Defendant has violated 15 U.S.C. §1692(e)(4) by representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

73. Defendant has violated 15 U.S.C. §1692(e)(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

74. Defendant has violated 15 U.S.C. §1692(f) by using unfair an unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for punitive damages, statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**<u>COUNT VII</u>**
**(Intentional Infliction of Emotional Distress- H&P CAPITAL)**

75. Plaintiff incorporates Paragraphs one (1) through thirty (30).

76. Defendant individually, and through its employees, agents, representatives and collectors, has intentionally inflicted emotional distress on the Plaintiff by its outrageous conduct.

77. The outrageous conduct as set forth in paragraphs one (1) through thirty (30) herein, were directed at Plaintiff by and through Defendant's employees, agents, apparent agents or other persons acting to benefit and further the interests of the Defendant, in the course and scope of their employment or agency with Defendant.

78. As a direct and proximate result of the outrageous acts described in paragraphs one (1) through thirty (30) herein, Plaintiff sustained mental pain and suffering, emotional distress, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

**WHEREFORE,** Plaintiff respectfully request judgment be entered against Defendant for statutory damages, punitive damages, actual damages, enjoinder from further violations, costs,

interest, attorney fees and any other such relief this Honorable Court deems appropriate in the spirit of Justice.

Respectfully submitted,

Amanda J. Allen, Esquire
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 00098228
Aallen@forthepeople.com
jestrada@forthepeople.com
**Attorney for Plaintiff**